*Andrews & Ross, Craddock & T., for appellants.*
*Phister, for appellees.*

---

## HARRISON JOYCE, &C., v. F. MONK.

**Vendor and Purchaser—Married Woman's Power of Attorney.**

John Myers' title to the land was perfect and complete, as the record shows, and the only question presented is, Did Mrs. Joyce, the mother of appellees, divest herself of her title to her undivided interest in this land previous to her death. The power of attorney signed by her was never acknowledged or recorded. Held, That as the power of attorney signed by her was never acknowledged or recorded, she was incapacitated by reason of her coverture from making any sale or conveyance of her land.

**Same—Divorce—Acquiescence—Estoppel.**

The grounds of defense is, that Mrs. Joyce, after the divorce from her husband, by mere acquiescence upon her part in permitting the purchaser to take possession of this land was estopped from asserting claim to the property. Held, That mere acquiescence on the part of one having

title to land is insufficient to divest the owner of his rights to it.

**Disability—Statute of Limitation.**

A continued adverse holding for fifteen years against the party claiming, when not laboring under any disability, will bar recovery in an action for real estate.

APPEAL FROM BULLITT CIRCUIT COURT.

January 30, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

John Myers, in his lifetime, was the owner of a large boundary of land, in the county of Bullitt, and had at various times given to each one of his children (having five in number) a tract of land located within the metes and bounds of this large tract, and had perhaps sold off portions of it to others.

After his death, his children ascertaining that some of the land within this boundary had been undisposed of by their father, in order to sell it, executed a power of attorney to one Henry Myers, dated in the year 1847, empowering him to sell, and dispose of these lands for them, to such persons, and for such prices, as he thought proper.

Lydia Joyce was a daughter of John Myers, and at the time she executed this power of attorney, was a married woman, her husband, Richard Joyce, being then alive, and uniting with her in the execution of this power.

Mrs. Joyce, not long after the date of this power of attorney, was divorced from her husband, and in the year 1858, and after the divorce had taken place, Henry Myers, by virtue of the power of attorney, executed in the year 1847, sold and conveyed a tract of this land to W. N. Stokes, and Stokes sold and conveyed it to the appellee, Monk.

Mrs. Joyce and her husband are both dead, and her children, the present appellants, on the 25th of March, 1870, filed this suit for the recovery of their undivided interest in and to the tract of land in controversy.

John Myers left, at his death, five children; his title to this land was perfect and complete, as the record shows, and the only question presented is, did Mrs. Joyce, the mother of the appel-

lees, divest herself of her title to her undivided interest in this land previous to her death.

The power of attorney, signed by her, was never acknowledged or recorded, and it must be conceded that she was incapacitated by reason of her coverture, from making any sale or conveyance of her interest in this land, except as provided by the statute.

It is not insisted upon by counsel for appellee that a feme covert could pass her title to land in any other manner. The ground of defense is, that Mrs. Joyce, after the divorce from her husband, by mere acquiescence upon her part in permitting the purchasers to take possession of this land was estopped, as well as her children after her, from asserting any claim to the property.

If mere acquiescence on the part of one having the title to land is sufficient to divest the owner of his right to it, there is but little, if any, necessity of interposing the statute of limitation as a defense to any action for the recovery of property. A continued adverse holding for fifteen years against the party claiming, when not laboring under any disability, will bar a recovery in an action for real estate.

There is no proof of any fraud practiced upon any of the vendees of this land by Mrs. Joyce or the appellants. There is no act of her, after she became discovert, by which these parties were induced to buy her interest in this land. The power of attorney, so far as it affected the rights of Mrs. Joyce, was a mere blank, and is to be treated as if she had never signed it. There is nothing in the record conducing to show that she ever ratified the act of Henry Myers in the sale of the land. She had never received any part of the purchase money, and the only semblance of proof on this subject is, that she remarked not long before her death to a man by the name of Todd, that she expected to receive some money from Henry Myers on the land.

Such proof as this is too flimsy to divest one of the title to land, or to authorize the chancellor to conclude that it was a ratification of the power of attorney, dated in 1847, or as evidencing a verbal authority from Mrs. Joyce to Henry Myers to sell this land.

This court, in the case of Blackburn Heirs vs. Pemmyter, —— B. Monroe, page 219, decided that when there had been a defective acknowledgment by a feme covert, and that after the death of her husband, she induced a sub-purchaser to pay out his money by stating to him that the title was valid, did not estop her children from recovering the land upon the mother's title.

In this case, there are no facts upon which to base the question of estoppel, and the statute of limitation is no bar to the action, as the suit was instituted within fifteen years from the date of the sale by Henry Myers to these under whom the appellee claims.

The judgment of the court below is reversed, and cause remanded, with directions to enter a judgment in favor of the appellants for their interests in the land in controversy.

*A. H. Fields, for appellants.*

*J. V. J. McConathy, Thompson, for appellee.*